# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 3 C 274 | **DATE** | 7/30/2003 |
| **CASE TITLE** | S.I. Securities vs. Joseph Dabal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: This Court reverses the decision and remands this matter to the Bankruptcy Court for proceedings consistent with this opinion. This ruling renders all other counts of this appeal moot.** |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG - 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 11 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JUL 31 PM 1:27 | | |
| TSA | courtroom deputy's initials | FILED FOR DOCKETING | date mailed notice | |
| tta | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| S.I. SECURITIES, | ) |
|     Defendant-Appellant, | ) |
| v. | ) No. 03 C 274 |
| JOSEPH DABAL, | ) Wayne R. Andersen |
| | ) District Judge |
|     Debtor-Appellee, | ) |

## **MEMORANDUM, OPINION AND ORDER**

This case is before the court on Defendant-Appellant S.I. Securities' appeal from a decision rendered by the United States Bankruptcy Court for the Northern District of Illinois. For the following reasons, the decision of the bankruptcy court is reversed and remanded for proceedings consistent with this opinion.

## **BACKGROUND**

On December 16, 1997, Debtor-Appellee Joseph Dabal purchased a parcel of real estate located at 7443 West Washington, Forest Park, Illinois. In 1999, Defendant-Appellant S.I. Securities bought Dabal's unpaid real estate taxes for 1997 from Cook County. No redemption of the tax purchase, however, was ever made. On March 6, 2002, the last day of the redemption period, Dabal filed a petition for relief under Chapter 13. Under the appropriate bankruptcy provisions, he received a sixty-day extension of the redemption period, 11 U.S.C. § 108(b), as well as an automatic stay on the prosecution of the tax deed, 11 U.S.C. § 362. Appellee failed to redeem his property during the period of extension.

On June 14, 2002, Dabal filed an adversary complaint against Appellant seeking damages for alleged violations of the automatic stay provisions. On July 31, 2002, Appellant countered by filing: 1) a motion to lift the automatic stay on the prosecution of the tax deed; 2) a motion to dismiss the bankruptcy case; 3) a motion to dismiss the adversary complaint; and 4) an objection to Appellee's Chapter 13 plan, filed on April 19, 2002. On August 19, 2002, the bankruptcy court dismissed Dabal's bankruptcy case, finding him ineligible for Chapter 13 protection because he was unemployed at the time of the filing. As a result of this ruling, the other three issues were also dismissed.

In response, Dabal filed a motion to reconsider and vacate the order, alleging that his unemployment status at the date of the filing should not be dispositive as to whether he was an "individual with regular income." On September 9, 2002, the Court held a hearing and requested additional briefs regarding Appellee's argument that a Chapter 7 claim could have originally been filed and then converted to a Chapter 13 case when he became employed.

On October 7, 2002, the bankruptcy court vacated its dismissal, reinstating the adversary complaint and the automatic stay. On October 28, 2002, the Appellee once again amended his bankruptcy plan, and in doing so extended the redemption of the real estate taxes over the life of the plan. As before, Appellant opposed the extension, but on December 16, 2002, the court overruled the objection, confirmed the plan, and denied the motion to lift the stay. On the same day, this appeal was filed by Appellant arguing that the bankruptcy court erred in: 1) denying

Appellant's motion to lift the stay, thereby accepting the Chapter 13 plan and its extension of the redemption period; and 2) vacating the motion to dismiss.

## DISCUSSION

I.   Standard of Review

This court has jurisdiction over the instant appeal under 28 U.S.C. § 158 (a)(1), which vests the district court with jurisdiction over appeals from "final judgments, orders and decrees" of the bankruptcy court. Acting as an appellate court, the district court is bound to accept the bankruptcy court's findings of fact, unless they are clearly erroneous, and may only consider evidence presented before the bankruptcy court and made part of the record. *In re Home Comp. Care, Inc.*, 221 B.R. 202, 205 (N.D. Ill. 1998) (citing *In re Lefkas Gen. Partners*, 112 F.3d 896, 900 (7th Cir. 1997)); *In the Matter of Neis*, 723 F.2d 584, 588-89 (7th Cir. 1983) (citing Fed. R. Bankr. P. 8013). However, when there are pure questions of law, the court reviews them *de novo*. *Matter of UNR Indus., Inc.*, 986 F.2d 207, 208 (7th Cir. 1993).

II.   Analysis

The issue on appeal is whether the Bankruptcy Judge erred when he approved the inclusion of an extended stay to prevent S.I. Securities's acquisition of a tax deed as part of the Chapter 13 plan. Relying on *In re Bates*, 270 B.R. 455 (Bankr. N.D. Ill. 2001), Dabal argues that a debtor who files a bankruptcy petition prior to the expiration of the redemption period may redeem a tax purchase through a repayment plan organized under Chapter 13. *Bates* suggested,

in dicta, that the sixty day extension of the redemption period provided for by 11 U.S.C. § 108(b) may be modified and treated as a secured claim under 11 U.S.C. § 1322(b)(2), which states that a bankruptcy plan may:

> modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

*Bates*, 270 B.R. at 466. Dabal asserts that he can modify because the tax purchaser in this case has only a secured interest in the property, since the bankruptcy suit was filed prior to the expiration of the redemption period and all bankruptcy claims must be assessed as of the date of the filing. *See id.* at 467. Essentially, Appellee attempts to convince this court that the property interests of the parties do not change in nature throughout the pendancy of the bankruptcy proceeding and should only be determined as of the filing date. We respectfully disagree with this reasoning because it presents a drastic departure from established precedent in this circuit concerning the interaction of § 108(b) and § 1322(b)(2).

The courts in this jurisdiction have repeatedly recognized that the nature of the parties state property interests changes, even while bankruptcy proceedings are pending, because the automatic stay provision of a bankruptcy suit does not toll the running of the redemption period. *In re Davenport*, 268 B.R. 159, 165 (Bankr. N.D. Ill. 2001). The property owner retains his legal and equitable ownership rights only until the expiration of the redemption period, at which time he loses "all interest in the property" and "can do nothing to prevent the issuance of a deed to the tax purchaser." *In re Bequette*, 184 B.R. 327, 336 (Bankr. S.D. Ill. 1995); *see In re Jackson*, 176 B.R. 156, 159 (Bankr. N.D. Ill. 1994); *In re McKeever*, 132 B.R. 996, 1010 (Bankr. N.D. Ill.

1991). If the property owner does not redeem the taxes within the statutory period (including the extension), his interest in the property is extinguished. The tax purchaser may then obtain a tax deed on the property. 35 ILCS 200/22-40. Thus, an automatic stay does not prevent the tax purchaser from acquiring equitable or legal title to the property once the redemption period runs, even if bankruptcy proceedings are still in progress.

In addition, while the Seventh Circuit has not ruled on a set of circumstances exactly like those before this Court, it has previously determined that, under § 108(b), a sixty-day extension is the specific remedy for a debtor who finds himself in bankruptcy during the course of a tax purchase redemption period. *In re Tynans*, 773 F.2d 177, 179 (7th Cir. 1985). Allowing the debtor to suspend this redemption period indefinitely by conditioning it on the settlement of a bankruptcy proceeding, or the establishment of a Chapter 13 plan, would undermine the holding in *Tynans* by enabling the debtor to set his own redemption schedule. *In re Murray*, 276 B.R. 869, 877 (Bankr. N.D. Ill. 2002). In effect, a debtor could successfully bypass state redemption law by filing for bankruptcy. No provision of Chapter 13 should render any terms of the Bankruptcy Code superfluous or insignificant. *See Woodfork v. Marine Cooks & Stewards Union*, 642 F.2d 966, 970-971 (5th Cir. 1981). When two statutes address the same subject matter and seem conflicting, they are to be read in *pari materia* and harmonized when possible. *Murray*, 276 B.R. at 876; *In re Johnson*, 787 F.2d 1179, 1181 (7th Cir. 1986); *In re Robinson*, 665 F.2d 166, 171 (7th Cir. 1981). Unless a federal interest requires a different result, this Court believes that bankruptcy proceedings should not interfere with the application of state property interests. *See Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914 (1979).

In the instant case, Appellee failed to redeem the tax purchase within the sixty-day extension. His redemption rights therefore expired and the estate retained no interest in the property. As a result, Appellant acquired equitable title to the property and has a legitimate right to a tax deed on the tax purchase certificate. Accordingly, Appellant's motion to lift the stay was wrongly denied.

## CONCLUSION

For the foregoing reasons, this Court reverses the decision and remands this matter to the Bankruptcy Court for proceedings consistent with this opinion. This ruling renders all other counts of this appeal moot.

*Wayne R. Andersen*
Wayne R. Andersen
United States District Judge

Dated: July 30, 2003